UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LORI IRISH,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, Warden NICOLE ENGLISH, Warden RIOS, Officer PENA, Lieutenant DUNCAN, Lieutenant OMELSON, and UNKNOWN FEDERAL BUREAU OF PRISONS EMPLOYEES, Officer G. DUFFY,<br><br>            Defendants. | Civil No. 11-2703 (MJD/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a federal prisoner, commenced this action by filing a complaint seeking relief for alleged violations of her federal constitutional rights. Her complaint also includes various claims brought under the Federal Tort Claims Act, ("FTCA"). The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against two of the named Defendants in this action – Warden Nicole English and Warden Rios. The Court will therefore recommend that this action be

---

[1] When Plaintiff commenced this action, she did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). Plaintiff's IFP application is being granted by a separate order entered contemporaneously with this Report and Recommendation.

dismissed as to those two Defendants, pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff's lawsuit presents five claims for relief, which are based on various incidents that allegedly occurred while she has been confined by the federal Bureau of Prisons, ("BOP"). The five claims presented in the complaint can be summarized as follows:

(1) BOP employees failed to provide adequate medical care to Plaintiff for injuries that she allegedly sustained when she fell out of her bed.

(2) BOP employees failed to provide Plaintiff with an adequate law library.

(3) A BOP employee named Omelson allegedly injured Plaintiff by forcing her to perform hazardous manual labor.

(4) A BOP employee named Pena allegedly violated Plaintiff's rights under federal law and the Constitution by calling her a "f****** white bitch;" and another BOP employee named Duncan allegedly violated Plaintiff's constitutional rights by threatening to place her in segregated confinement if she tried to prosecute an administrative claim against Defendant Pena.

(5) A BOP employee named Duffy allegedly violated Plaintiff's constitutional rights by forcing her to attend a deposition, even though she not been subpoenaed to testify.

Plaintiff is seeking relief under the FTCA for various common law torts allegedly committed by BOP employees. She is also seeking relief under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for alleged violations of her federal constitutional rights.

The individual BOP employees who are named as Defendants in this action cannot be sued, as individuals, for their alleged torts under the FTCA. Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996) ("When someone is injured by a tort committed by an employee of the United States who is acting within the scope of his employment, that employee cannot be sued"). The exclusive legal remedy available to a party who has been injured as a result of a tort committed by a federal employee is a claim against the United States itself, brought under the FTCA. Id. ("the injured person must sue the United States which is liable in its employee's stead"). Because Plaintiff's complaint alleges that the individual BOP Defendants committed torts while acting as federal employees, all of Plaintiff's FTCA claims must – for now – be construed to be claims against the United States itself. See 28 U.S.C. § 2679(d)(1); see also Midland Psychiatric Associates, Inc. v. United States, 145 F.3d 1000, 1004 (8th Cir. 1998) ("when a federal employee is sued in tort, the United States is substituted as the defendant if the Attorney General certifies that the conduct giving rise to the lawsuit was within the scope of the employee's office or employment").

Plaintiff's Bivens claims, on the other hand, can be brought against individual federal employees, such as the individual BOP Defendants named in Plaintiff's complaint. However, the Court finds that Plaintiff has not pleaded any actionable Bivens claim against Defendants English and Rios, for the reasons discussed below.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is attempting to sue government officials and agencies, her complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.

That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable Bivens civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of federal law. See Carlson v. Green, 446 U.S. 14, 18,

(1980) ("Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right").  To state an actionable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (emphasis added).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state an actionable Bivens civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant personally did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, the Court finds that Plaintiff's complaint does not state any actionable Bivens claim against Defendant English or Defendant Rios.  The complaint is fatally deficient, because it does not describe any specific acts or omissions by either of those two Defendants that could be viewed as a violation of Plaintiff's federal constitutional rights.

Plaintiff's "First Claim of Relief," (Complaint, ¶s 10-17), pertaining to an alleged lack of medical care following her fall from her bed, does not describe any wrongful act or omission by either Defendant English or Defendant Rios.  The sole allegation against those Defendants appears at paragraph 17 of the complaint, which states as follows:

> "Since her incarceration their of been [sic] 2 wardens, English and Rios, and they are both liable for this lack of proper medical care."

It is difficult to imagine a more perfect example of wholly conclusory allegation that is not

5

supported by any specific facts. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 129 S.Ct. at 1950. Here, Plaintiff has not described <u>anything</u> that English or Rios did, or failed to do; she simply claims, in conclusory fashion, that they are "both liable for this lack of proper medical care." Because Plaintiff has alleged no facts to support that claim, the Court finds that Plaintiff has failed to state any actionable <u>Bivens</u> claim against English or Rios in her "First Claim of Relief."

Plaintiff's "Second Claim of Relief" is also fatally defective. Plaintiff alleges that Defendants English and Rios violated her constitutional right of access to the courts, because she has not had sufficient access to an adequate law library. (Complaint, ¶s 18-22.) Again, however, Plaintiff has not described any specific <u>personal</u> wrongdoing by either English or Rios.

The Court also finds that Plaintiff has failed to plead an actionable claim for denial of access to the courts, because she has not identified any "actual injury" caused by the alleged lack of an adequate law library. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996) (a prisoner lacks standing to bring an access to the courts claim, unless he can show some "actual injury"). <u>See</u> also <u>Klinger v. Department of Corrections</u>, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n <u>Lewis v. Casey</u>, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"); <u>White v. Kautzky</u>, 494 F.3d 677, 680 (8th Cir. 2007) ("[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or

conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim"). Thus, an inmate cannot bring an "access to the courts" claim unless she pleads, (and ultimately proves), that she has been deprived of some specific opportunity to defend herself, or advance a viable legal claim, in some particular action. Lewis, 518 U.S. at 351; Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam).

Here, Plaintiff has failed to plead an actionable claim for denial of access to the courts, because she has not identified any specific occasion when she actually lost a specific substantive legal right as a direct result of an inadequate law library. Plaintiff has not alleged any facts showing that any specific viable claim or defense actually has been lost as a direct result of the alleged denial of access to an adequate law library.

Plaintiff alleges only that she has had some unidentified matters before the National Labor Relations Board, and the Ninth Circuit Court of Appeals. (Complaint, ¶ 20.) But again, there are no allegations showing (or even suggesting) that Plaintiff lost some specific legal right or defense in any of those matter, as direct result of some particular law library inadequacy. Therefore, Plaintiff has failed to satisfy the "actual injury" requirement prescribed by Lewis v. Casey. See Sabers, 100 F.3d at 84 (access-to-courts claim was properly dismissed where prisoner "offered no facts" showing that alleged lack of legal resources actually "prejudiced her in a legal case").[2]

---

[2] The Court also notes that the legal matters described in Plaintiff's complaint are not alleged to have any direct bearing on the legality, or the conditions, of her confinement. For this additional reason, Plaintiff has failed to plead an actionable claim for denial of access to the courts. As the Supreme Court explained in Casey, the constitutional right of access to the courts

7

In Plaintiff's final three claims for relief, (Complaint, ¶s 23-53), Plaintiff claims that her constitutional rights were violated by the alleged misdeeds of Defendants Omelson, Pena, Duncan, and Duffy. There are no allegations in any of those claims for relief, (Claims Three, Four and Five), that describe any personal wrongdoing by Defendants English or Rios. To the contrary, it clearly appears that Plaintiff is seeking to hold English and Rios vicariously liable for the alleged misconduct of their subordinates – Omelson, Pena, Duncan and Duffy. Indeed, Plaintiff expressly claims that the wardens, English and Rios, should be held liable under the doctrine of <u>respondeat</u> <u>superior</u>. (Complaint, ¶ 52.)

It is well settled, however, that <u>respondeat</u> <u>superior</u> does not apply to civil rights claims. As the Supreme Court plainly stated in <u>Iqbal</u>, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." <u>Iqbal</u>, 129 S.Ct. at 1948. Therefore, English and Rios cannot be sued under <u>Bivens</u> based solely on their alleged supervisory relationship to the other individual Defendants identified in Claims Three, Four and Five of the complaint.

## III.  CONCLUSION

> "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

518 U.S. at 355 (emphasis in the original).

For the reasons discussed above, the Court finds that Plaintiff has failed to plead any actionable claim for relief against Defendants English and Rios.[3] Therefore, the Court will recommend that this action be summarily dismissed, pursuant to § 1915A(b), with respect to Defendants English and Rios. At least for now, Plaintiff will be allowed to pursue her claims against the remaining Defendants, without prejudice to whatever defenses those Defendants might hereafter attempt to raise.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. All of Plaintiff's claims Defendants Warden Nicole English and Warden Rios, be summarily dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Defendants Warden Nicole English and Warden Rios be dismissed from this action.

Dated: November 10, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 28, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

---

[3] The Court makes no finding at this time as to whether Plaintiff has alleged any cognizable common law tort claim against English or Rios that could cause the United States to be liable under the FTCA. The Court finds only that English and Rios cannot be sued as individuals.

9

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.