UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LORI IRISH,

        Plaintiff,

v.                         **ORDER**
                           Civil File No. 11-2703 (MJD/JJK)

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,

        Defendants.

Lori Irish, pro se.

Lonnie Bryan, Assistant United States Attorney, Counsel for Defendants.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated February 9, 2015. Plaintiff Lori Irish has filed objections to the Report and Recommendation. Irish has also filed a Motion to Delay Ruling on Summary Judgment and Motion for Rule 56(d) Relief.

> A party invoking [Federal Rule of Civil Procedure 56(d)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required . . . and how postponement of a ruling on the motion will

1

> enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where . . . a party fails to carry his burden under Rule 56([d]), postponement of a ruling on a motion for summary judgment is unjustified.

Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (citation omitted).

> Rule 56 of the Federal Rules of Civil Procedure does not require trial courts to allow parties to conduct discovery before entering summary judgment. The party defending a motion for summary judgment before discovery is adequate may request the court to postpone ruling on the motion until the discovery can be conducted. This provision, however, is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.

Id. (citations omitted).

This lawsuit presents the rare case in which denial of the Rule 56(d) motion is appropriate before a plaintiff has conducted formal discovery. Plaintiff has noted that she always intended to obtain statements and affidavits from inmates at FCI Waseca to use in this litigation, which she commenced in 2011, while Plaintiff was still incarcerated with other inmates at Waseca. And, for example, in 2012, Irish did obtain a statement from Waseca inmate Rachelle Shannon. (See [Docket No. 100-6] Plaintiff's Ex. 1.) The Court notes that Plaintiff has requested and been granted substantial extensions in this litigation; she had

more than five months to respond to the re-filed pending motion.  (See, e.g., [Docket Nos. 89, 95].)  Yet, Irish did not request assistance in obtaining such inmate statements or affidavits or request additional time to obtain those statements until December 2014, when she responded to the pending summary judgment motion.  Moreover, as addressed in detail in the Report and Recommendation, Plaintiff has failed to show that, given additional time, she would be able by discovery or other means, to rebut the movants' showing of the absence of a genuine issue of material fact.  Therefore, Plaintiff's Motion to Delay Ruling on Summary Judgment and Motion for Rule 56(d) Relief is **DENIED**.

Pursuant to statute, the Court has conducted a de novo review upon the record of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated February 9, 2015.  The Court further holds that Plaintiff has failed to show any basis for recusal by Magistrate Judge Keyes.  See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias

3

or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Delay Ruling on Summary Judgment and Motion for Rule 56(d) Relief [Docket No. 111] is **DENIED**.

2. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated February 9, 2015 [Docket No. 108].

3. Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 75] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:   March 13, 2015              s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court